Brian F. WEBER, Individually and on
Behalf of All Other Persons Similarly
Situated, Plaintiffs-Appellees,

v.

KAISER ALUMINUM & CHEMICAL
CORPORATION and United Steelwork-
ers of America, AFL–CIO, Defendants-
Appellants.

No. 76–3266.

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1980.

Robert J. Allen, Jr., Legal Dept. Kaiser Aluminum & Chemical Corp., Oakland, Cal., F. W. Middleton, Jr., Baton Rouge, La., for Kaiser Aluminum, etc.

John C. Falkenberry, Birmingham, Ala., Michael H. Gottesman, Jane McGrew, Thompson Powers, Washington, D.C., Jerry L. Gardner, Jr., New Orleans, La., for United Steelworkers of America.

Kenneth B. Peterson, Cloyd R. Mellot, Pittsburgh, Pa., for ALCOA, amicus curiae.

Burt A. Braverman, Washington, D.C., Austin B. Graff, Richmond, Va., for Reynolds Metal, amicus curiae.

Michael R. Fontham, New Orleans, La., for Weber.

John W. Finley, Jr., New York City, Wayne T. Elliott, Ben B. Blackburn, Atlanta, Ga., for Southeastern Legal Foundation, amicus curiae.

Richard S. Ugelow, Robert T. Moore, James P. Turner, Attys., U.S. Dept. of Justice, Washington, D.C., for USA & E.E.O.C.

Arnold Forster, New York City, for Anti-Defamation League of B'Nai B'rith.

Christopher S. Bond, Gene E. Voigts, Kansas City, Mo., for Great Plains Legal Foundation.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES, —— U.S. ——, 99 S.Ct. 2721, 61 L.Ed.2d 480

Before WISDOM, GEE, and FAY, Circuit Judges.

GEE, Circuit Judge:

## I.

Obedient to the mandate of the Supreme Court, we vacate the trial court's judgment, as well as ours affirming it, 563 F.2d 216, and remand the cause to that court for further proceedings in conformity with the opinion above.

## II.

For myself only, and with all respect and deference, I here note my personal conviction that the decision of the Supreme Court in this case is profoundly wrong.

That it is wrong as a matter of statutory construction seems to me sufficiently demonstrated by the dissenting opinions of the Chief Justice and of Mr. Justice Rehnquist. To these I can add nothing. They make plain beyond peradventure that the Civil Rights Act of 1964 passed the Congress on the express representation of its sponsors that it would not and could not be construed as the Court has now construed it. What could be plainer than the words of the late Senator Humphrey—defending the bill against the charge that it adumbrated quotas and preferential treatment—that "the title would *prohibit* preferential treatment for any particular group . ."?[1] The Court now tells us that this is not so. That it feels it may properly do so seems to me a grievous thing.

But sadder still—tragic, in my own view—is the Court's departure from the long road that we have travelled from *Plessy v. Ferguson*, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896), toward making good Mr. Justice Harlan's anguished cry in dissent that "[o]ur Constitution is color-blind, and neither knows nor tolerates classes among citizens." *Id.* at 559, 16 S.Ct. at 1146. I voice my profound belief that this present action, like *Plessy*, is a wrong and dangerous turning, and my confident hope that we will soon return to the high, bright road on which we disdain to classify a citizen, *any* citizen, to any degree or for any purpose by the color of his skin.

Though for the above reasons I think it gravely mistaken, I do not say that the Court's decision is immoral or unjust—indeed, in some basic sense it may well represent true justice. But there are many actions roughly just that our laws do not authorize and our Constitution forbids, actions such as preventing a Nazi Party march through a town where reside former inmates of concentration camps or inflicting summary punishment on one caught red-handed in a crime.

Subordinate magistrates such as I must either obey the orders of higher authority or yield up their posts to those who will. I obey, since in my view the action required of me by the Court's mandate is only to follow a mistaken course and not an evil one.

VACATED and REMANDED.

WISDOM, Circuit Judge, specially concurring:

With deference to the views expressed by the majority of this Court, I express the view that the decision of the Supreme Court in this case is profoundly right for the reasons stated in my dissenting opinion. *Weber v. Kaiser Aluminum & Chemical Corporation and United Steelworkers of America, AFL–CIO*, 5 Cir. 1977, 563 F.2d 216, 227.

---

1. 110 Cong.Rec. 11848 (1964) (emphasis added).